UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
BEREL SOMPOLINSKY
on behalf of himself and
all other similarly situated consumers

                          Plaintiff,


        -against-


ALLTRAN FINANCIAL, LP F/K/A
UNITED RECOVERY SYSTEMS, L.P.

                          Defendant.


------------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff Berel Sompolinsky seeks redress for the illegal practices of Alltran Financial, LP

     f/k/a United Recovery Systems, L.P. concerning the collection of debts, in violation of the

     Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that

     the alleged debt that Defendant sought to collect from Plaintiff is a defaulted consumer

     debt.

4.   Upon information and belief, Defendant's principal place of business is located in

     Houston, Texas.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

     consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Berel Sompolinsky

9.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about December 14, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.   The said collection letter is likely to be misconstrued by the "least sophisticated consumer" and is open to one or more interpretations.

12.   The "least sophisticated consumer" would be unsure as to whether or not the said account was accruing interest.

13.   Section 1692e of the FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

14.   The said letter fails to include the safe harbor language set out in *Avila v. Riexinger Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

15.   Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of

a contract." N.Y. C.P.L.R. § 5001(a); see also _Rhodes v. Davis_, 628 Fed. Appx. 787, 794

(2d Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum

awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))).

16.     Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004.

When calculating the interest due, it "shall be computed from the earliest ascertainable

date the cause of action existed." Id. § 5001(b).

17.     "In New York, a breach of contract cause of action accrues at the time of the breach." _Ely-_

_Cruikshank Co. v. Bank of Montreal_, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d

501 (1993) (citations omitted).

18.     Prejudgment interest on defaulted debt obligations "shall be computed from the earliest

ascertainable date the cause of action existed," which is when the debtor fails to make the

monthly payment. N.Y. C.P.L.R. § 5001(b).

19.     "New York law provides that "[i]nterest shall be recovered upon a sum awarded because

of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to

be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b),

at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004.  Accordingly, Plaintiffs are

entitled to prejudgment interest on the installments that were not timely paid." _Kasperek_

_v. City Wire Works, Inc._, No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8

(E.D.N.Y. Mar. 12, 2009).

20.     The "**Amount Due**" in this case was for an amount that included original principal, fees,

and contractual interest.

21.     The Plaintiff was left uncertain as to whether the "**Amount Due**" was accruing interest as

there was no disclosure that indicated otherwise.

22.     The Plaintiff was left unsure whether the "**Amount Due**" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

23.     A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

24.     In fact, however, since contractual and/or statutory interest is automatically accruing daily, and since there are undisclosed fees that will accrue, a consumer who pays the "**Amount Due**" stated on the notice will not know whether the debt has been paid in full.

25.     The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

26.     The statement of an "**Amount Due**", without notice that the amount is already increasing due to automatically accruing contractual or statutory interest, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

27.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

28.     Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

29. The amount of the contractual or statutory interest automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

30. Collection notices that state only the "**Amount Due**," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

31. To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

32. Defendant was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

33. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

34. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72, 76 (2d Cir. 2016)

35. Because the statement of the "**Amount Due**" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated

will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

36. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

37. According to the Second Circuit's finding that the "**Amount Due**" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

38. The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

39. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory

if interest was originally accruing per the contract.  The consumer could not know what the real balance is.

40. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).  A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.  *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

41. The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge statutory or prejudgment interest in its statements post charge off does not constitute an express waiver and statutory or prejudgment interest is still continuing to accrue and may be charged at a future time.

42. According to the Second Circuit in *Avila*, any such a debt would need full and complete disclosure.  See. *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the *Wal-Mart* account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original

creditors' demands upon [the debtor].")

43. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

44. Since the "**Amount Due**" is for an amount that includes original principal, fees, and contractual interest, the collection notice must accurately inform the consumer that interest is accruing daily or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

45. The "**Amount Due**" is for an amount that includes original principal, fees, and contractual interest. If interest was waived or stopped accruing the collection notice must disclose "This debt is not accruing interest." *McNamee v. Debski & Assocs., P.A.*, No. 8:16-cv-2272-T-33TBM, 2016 U.S. Dist. LEXIS 131912, at *8-9 (M.D. Fla. Sep. 27, 2016). ("The letters did not inform [the debtor] that *Capital One* had instructed [the debt collector] to cease collecting[] interest... i.e., that *Capital One* was willing to accept $3,129.05 in full satisfaction of the debt. Because the letters did not "clearly state[] that the holder of the debt [would] accept payment of the amount set forth in full satisfaction of the debt . . .," *Avila*, 817 F.3d at 77, [the debtors] Complaint plausibly states a claim to relief under the FDCPA.") (citations omitted)

46. If interest was accruing the collection notice must inform the consumer that the amount

of the debt stated in the letter will increase over time.

47.     Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

48.     "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest" *Michalek v. ARS Nat'l Sys.*, No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

49.     The Plaintiff and the least sophisticated consumer would conclude from the said collection letter, that the "**Amount Due**" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

50.     Absent a disclosure by the holder of the debt that the automatic interest is waived, even if the debtor pays the "**Amount Due**" the Defendant and or the creditor *could* still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.

(<u>Avila</u>, at *10-11.)

51.    A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest.  At the bare minimum a debt collection agency must clearly convey, even to the least sophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

52.    Any debtor, who goes ahead and pays the "**Amount Due**" as stated in the Defendant's letter, will be left unsure as to whether or not the debt has been paid in full, as the Defendant could always attempt to collect on any interest and fees that may have accumulated after the Defendant's letter was sent, but before the balance due was paid.

53.    The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

54.    Section 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

55.    The said letter is a standardized form letter.

56.    Upon information and belief, the Defendant's letters, such as the said collection letter, number in the hundreds.

57.    Defendant's December 14, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A)

and 1692e(10) for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

58.    The said letter further stated as follows: "It is important that we work together to select a payment plan to bring down your balance. If we cannot reach a payment agreement soon, CAPITAL ONE BANK (USA), N.A. may refer your account to a law firm for review for possible legal action."

59.    Said language is deceptive, as it implies that collection steps will be taken, beyond the normal course of conduct by collection agencies.

60.    The Defendant threatens action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

61.    15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

62.    Defendant's December 14, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

63.    The said letter further stated in pertinent part as follows: "If a lawsuit is brought against you, you will have an opportunity at any court hearing to raise any applicable defenses."

64.    Such a representation in the said letter is false.

65.    According to CPLR 3018, certain affirmative defenses if not set forth in a pre-answer

motion or an answer, are waived.

66.     The Defendant has misled the Plaintiff, by falsely representing in an unqualified fashion that defenses can be raised at any hearing.

67.     Said sentence violates 15 USC 1692e and 1692e(10).

68.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

69.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

70.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

71.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

72.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

73.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

74.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

75. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

76. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

77. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventy one (71) as if set forth fully in this cause of action.

78. This cause of action is brought on behalf of Plaintiff and the members of three classes.

79. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 14, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to CAPITAL ONE BANK (USA), N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

80. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 14, 2015; and (a) the collection letter

was sent to a consumer seeking payment of a personal debt purportedly owed to CAPITAL ONE BANK (USA), N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

81. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 14, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to CAPITAL ONE BANK (USA), N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e and 1692e(10).

82. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

83. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

84. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

85. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

86. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

87. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
December 14, 2016

\_\_\_\_\_/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

\_\_\_\_\_/s/ Adam J. Fishbein\_\_\_\_
Adam J. Fishbein (AF-9508)